## SETH HUDSON v. JONATHAN GIBBONS.

Supreme Court. Sussex. March, 1799.

*Wilson's Red Book, 224.*

*Bayard.* It is necessary the party should swear that he had used due diligence in procuring the attendance of witness.

*Wilson.* This affidavit shows due diligence, because it is not necessary in practice that the party should serve the process nor see it served; the Court can see by the affidavit whether the party has used due diligence, and it is more proper they should decide what is due diligence than the party, whose ideas on the subject might differ from those of the Court.

JOHNS, C. J. The oath of diligence is necessary and settled in the case of *King v. Deon.* The affidavit is insufficient.

Plaintiff was going to prove by Smith Fasset declarations of Dennis Hudson, now living in the State of Maryland, which he spoke when he said he was on oath before referees between the plaintiff and defendant on the subject of those pans.

*Wilson* objected this is not the best evidence. A commission ought to have issued, and cited *Field v. Thompson,* and *Elliot v. Richards.*

*Bayard.* What the witness, Hudson, said was part of the evidence in that cause, and the whole is to be received together.

*Wilson.* It does not appear that Hudson was sworn, for Fasset only heard him say so.

JOHNS, C. J. This evidence is inadmissible and not the best evidence; a commission might have been taken out; and also for the other reason that that witness was not sworn.

Defendant's counsel offered in evidence a magistrate's execution, *Gibbons v. Hudson,* and endorsed levied on salt pans and sold etc., and to prove the same deposition under a commission to Maryland, duly executed, wherein the magistrate, John Postly, and the officer, Laws, proved the execution and return and sale, and that the warrant was not in being or not to be found, and that there had been such a judgment, and that in Maryland magistrates kept no dockets but indorsed their judgments on the warrants. And other depositions proved that Postly and Laws acted generally as magistrate and subsheriff then etc.

*Bayard* objected to part of the depositions and wished so much expunged. It is necessary to show in every case that the justice or inferior officer was duly commissioned. A justice out of the state cannot take depositions as such out of the state, and the same be evidence, without his commission is duly certified; his own oath is not sufficient. The judgment ought to be shown to give the execution, when offered in evidence by the party, authenticity. 1 Esp.N.P. 565, commission of bankruptcy must be shown by them. The Supreme Court in New Castle, in the case of *Senekson v. Lee,* which was trespass for a battery etc., required defendant's commission to be shown, he having justified as a magistrate. A person unauthorized might act as a justice.

*Wilson.* If there had been a judgment in this case, it ought to be shown, but it appears no dockets were kept, and on the same principle that a judgment must be shown by a party, the officer justifying under his commission, or an assignee of bankrupts and every other person acting under a special authority, should show it; but in this case Mr. Postly and Mr. Laws are not parties, and the rule does not extend to the defendant's case. He must show them officers, but not by their commissions, which he does not possess, nor by their oaths, for this might be incompetent, but by proving they acted usually and generally and publicly, the one

as a magistrate, and the other as a subsheriff. In civil and criminal cases, even in that of murder, it is sufficient to prove that peace officers, justices, constables, etc. acted as such; the appointment of an attorney is never required. 4 Term 366, 3 Term 635, 632. Where a deposition is to be taken before any justice in another state, without naming an individual, it is necessary to show the person who takes it to be a magistrate, and to prove by witnesses sworn before him that he acted in that character would be taking first for granted the thing intended to be proved, and there his commission should be certified; yet this would not be necessary if his acting generally as such could be proved by competent evidence. The rule that the best evidence shall always be required is not to be taken in its strictest sense, but only to exclude evidence where the party is supposed to be possessed of better, and cited also 1 Morg.Ess. 76, 77.

JOHNS, C. J., cited [2] Esp.N.P. 783, which cites 2 Str. 1005, 3 Term 632, 635.

*Bayard.* The cases cited are on different principles, every government will take notice of its own officers. The proof contended for might be sufficient for an officer of this State, but these are officers of another state, which is a distinct sovereign power, as much so in this respect as any foreign power.

*Wilson* mentioned, in answer to this last point, Art. 4, s. 1 of Federal Constitution, which requires full faith and credit to be given to the judicial acts of other states. Justices are courts of record [even] if he keeps no record.

JOHNS, C. J. The practice was on the western shore of Maryland formerly to keep no docket but for magistrates to enter their judgments upon the warrants, and my colleague (COOPER, J.) says it was so on the eastern shore. It is the opinion of the court that there must be some other evidence than parol to show Mr. Postly was a justice. These proceedings are the real defense. There is a substantial difference between this case and that of officers within the state, of whose commission such evidence would be sufficient.